IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IBUKUN OLOWA WASHINGTON (TDCJ No. 1941101), § § § | | |
| Petitioner, § § | | |
| V. § | No. 3:15-cv-457-P-BN | |
| § | | |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, § § § § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ibukun Olowa Washington, a Texas inmate proceeding *pro se*, has filed a 28 U.S.C. § 2254 application for writ of habeas corpus, *see* Dkt. No. 1, which has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order from Chief Judge Jorge A. Solis.

As ordered, *see* Dkt. No. 7, Respondent has filed a preliminary response, *see* Dkt. No. 9, and Petitioner has filed a reply, *see* Dkt. No. 13. Petitioner has also filed two motions, one requesting partial summary judgment and the other requesting a ruling on that motion. *See* Dkt. Nos. 14 & 15.

For the reasons explained below, the application should be dismissed without prejudice to Petitioner's right to pursue his state court remedies, and Petitioner's motions should be denied.

**Background**

The Section 2254 petition now before the Court appears to challenge Petitioner's June 11, 2014 conviction in the 196th Judicial District Court of Hunt County, Texas for manufacture or delivery of a controlled substance in penalty group 1 in a drug free zone. *See State v. Washington*, Cause No. 29772 (196th Judicial Dist. Court, Hunt County, Tex.); *see also* Dkt. No. 1 at 2.[1] Petitioner did not directly appeal his sentence. But he did file a state habeas application related to this conviction, which the Texas Court of Criminal Appeals dismissed without written order for Petitioner's failure to comply with Texas Rule of Appellate Procedure 73.1. *See Ex parte Washington*, WR 21,883-05 (Tex. Crim. App. Jan. 7, 2015).

**Legal Standards and Analysis**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition

---

[1] Respondent states in his preliminary response that it is not his understanding that Petitioner is challenging a separate conviction in Cause Number 29773, because his Section 2254 application only lists Cause Number 29772. *See* Dkt. No. 9 at 4 n.2. Although motions filed by Petitioner after filing his reply to the preliminary response concern Cause Number 29773, that conviction is not before this Court. If it was, moreover, as with the conviction in Cause Number 29772, Petitioner has not fully exhausted his available state remedies. *See* Dkt. No. 10 (Texas Court of Criminal Appeals Clerk's certification providing that court has no record of a state writ challenging this conviction).

for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *cf. Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay. Because a stay and abeyance has the potential to 'frustrate[ ] [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s] objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in *limited* circumstances.'" (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005)) (emphasis added)).

"Under Texas law, compliance with Rule 73.1 is a prerequisite to consideration of the merits of the application." *Candy v. Thaler*, Civ. A. No. H-13-0196, 2013 WL 2947196, at *4 (S.D. Tex. June 13, 2013) (citing *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006)). And a petitioner's "failure to comply with Texas Rule of Appellate Procedure 73.1" means that – even if the grounds he or she presents in the federal habeas application are the same as those asserted in the state habeas proceeding – "none of the[] grounds have been properly presented to the Texas CCA and thus remain unexhausted." *Id.*

Because Petitioner has not properly and fully exhausted his available state

remedies, his federal habeas petition should be dismissed without prejudice.

## Recommendation

The Court should dismiss Petitioner's 28 U.S.C. § 2254 petition without prejudice to Petitioner's right to pursue – and properly and fully exhaust – his state court remedies. The Court should also deny his pending motions [Dkt. Nos. 14 & 15].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 18, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE