
**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IBUKUN OLOWA WASHINGTON,** § | | |
| **ID # 1941101,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 15-CV-0457-P | |
| § | | |
| **WILLIAM STEPHENS, Director,** § | | |
| **Texas Department of Criminal** § | | |
| **Justice, Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING A CERTIFICATE OF APPEALABILITY

In this federal petition for writ of habeas corpus filed in February 2015 pursuant to 28 U.S.C. § 2254, Petitioner challenges his June 11, 2014 conviction in the 196th Judicial District Court of Hunt County, Texas for manufacture or delivery of a controlled substance in penalty group 1 in a drug free zone (Cause No. 29,772).[1] In May 2015, Petitioner filed a Motion to Render Order Concerning "Partial" Summary Judgement (doc. 14) and a Motion for Partial Summary Judgment (doc. 15). On May 18, 2015, the assigned Magistrate Judge issued Findings, Conclusions, and Recommendation ("FCR") in which he recommended that the Court deny the pending motions and dismiss the § 2254 petition without prejudice to Petitioner's right to fully and properly exhaust his state court remedies. Petitioner thereafter objected to the recommendation, (*see* Pet'r Obj'ns, doc. 17), and has filed numerous motions and other documents in the case, (*see* Docs. 18-27). Respondent has filed no response to the objections. For the reasons that follow, the Court accepts the Findings and Conclu-

---

[1] As pointed out in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, Petitioner is not challenging in this action his separate conviction in Cause Number 29,773 even though some later filings refer to that conviction.

sions of the Magistrate Judge as the Findings and Conclusions of the Court.

After reviewing all relevant matters of record in this case, including the FCR and the filed objections, in accordance with 28 U.S.C. § 636(b)(1), the Court finds that the Findings and Conclusions of the Magistrate Judge are correct. It has conducted a de novo review and determination as to the issues to which Petitioner has specifically objected. Having reviewed the remainder of the Findings, Conclusions, and Recommendation of the Magistrate Judge for clear error, it is satisfied that there is no clear error on the face of the record.

As found by the Magistrate Judge, Petitioner has not exhausted his state remedies with respect to the conviction challenged in this action.[2] Petitioner's arguments to the contrary are unavailing. Accordingly, the Court dismisses the instant § 2254 petition challenging Cause No. 29,772 without prejudice to Petitioner pursuing his state remedies. And the Court denies all motions filed in this action (docs. 14, 15, 18, 19, 20, and 27), including the two that were pending when the Magistrate Judge issued the FCR.

In addition, Petitioner has twice sought a default in this case due to Respondent's failure to respond to Petitioner's motion for partial summary judgment. The failure to respond to a pending motion does not result in a default under Fed. R. Civ. P. 55(a). Respondent, moreover, has defended this action by timely filing a preliminary response (doc. 9) in response to a court order (doc. 7). Consequently, even though a default may have repercussions in a habeas action, *see Beall v. Cockrell*, 174 F. Supp. 2d 512, 518 (N.D. Tex. 2001) (recognizing that, although "the Court cannot enter a default judgment, it is not required to set aside the entry of default or allow respondent to file an

---

[2]Although Petitioner provides a notice (doc. 23) which indicates that he has now exhausted his state remedies with respect to Cause No. 29,773, he is not challenging that conviction in this action. If Petitioner has indeed exhausted that second conviction, the proper procedure is to file a new § 2254 federal petition to challenge that conviction.

untimely answer"), entry of default is unwarranted on the facts of this case.[3]

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Habeas Rule 11(a), and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the FCR filed in this case in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the event the Petitioner files a notice of appeal, the Court notes that he may proceed *in forma pauperis* on appeal.

**SO ORDERED this 3rd day of August, 2015.**

_____
**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

---

[3]The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") do not contemplate default motions. Although Rule 12 of those rules permits the Court to apply the Federal Rules of Civil Procedure "to the extent that they are not inconsistent with any statutory provision or [the habeas] rules," the Fifth Circuit has expressly found that "[d]efault judgments are not appropriate in habeas corpus cases," and that a habeas petitioner is not entitled to release because of an untimely answer by the state. *Lemons v. Collins*, 992 F.2d 326, 1993 WL 152278, at *1 (5th Cir. 1993) (table); *accord Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981).